# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Long Hoang Duong,<br><br>　　　　Petitioner,<br><br>v.<br><br>Strafford County Department of Corrections, Superintendent, *et al.*,<br><br>　　　　Respondents. | No. CV-25-03190-PHX-JJT (ESW)<br><br>**ORDER** |

  Petitioner, a native and citizen of Vietnam, filed this 28 U.S.C. § 2241 action challenging his immigration detention in May 2025 in the District of New Hampshire. He filed a Motion for Temporary Restraining Order on September 1, 2025, alleging his removal was imminent and requesting it be enjoined. Because Petitioner was no longer in custody in New Hampshire, this matter was transferred to this District, where Petitioner was transferred in anticipation of his removal. In his motion, Petitioner alleges he has a final order of removal, his removal was scheduled to take place on September 1, 2025, and he was denied his due process rights in connection with his removal proceedings. He seeks to enjoin his removal so that he may bring a claim under the Convention Against Torture because he fears persecution if he is returned to Vietnam.

  In the Ninth Circuit, "a Petitioners seeking a stay of removal must show that irreparable harm is probable and either: (a) a strong likelihood of success on the merits and that the public interest does not weigh heavily against a stay; or (b) a substantial case on the merits and that the balance of hardships tips sharply in the Petitioners' favor." *Leiva-*

*Perez v. Holder*, 640 F.3d 962, 970 (9th Cir. 2011) (discussing application of *Nken v. Holder*, 556 U.S. 418, 444 (2009)); *see also Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).

Where a party "can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the [party]' s favor,' and the other two *Winter* factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)). Under this Ninth Circuit "serious questions" test, "[t]he elements . . . must be balanced, so that a stronger showing of one element may offset a weaker showing of another." *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012).

A federal district court is authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where a petitioner is "in custody under or by color of the authority of the United States . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(1), (3). District courts are directed to screen habeas corpus petitions before requiring the government to file a response. A district court may summarily dismiss a habeas corpus petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, foll. 28 U.S.C. § 2254.[1] *See also McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"); *Clayton v. Biter*, 868 F.3d 840, 845 (9th Cir. 2017) ("District courts adjudicating habeas petitions … are instructed to summarily dismiss claims that are clearly not cognizable."); *Gutierrez v. Griggs*, 695 F.2d 1195, 1198 (9th Cir. 1983) (Rule 4 "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated").

Habeas corpus review in federal district court is not available, however, for claims "arising from the decision or action by the Attorney General to commence proceedings,

---

[1] The Rules Governing Section 2254 Cases in the United States District Courts apply to habeas corpus proceedings under § 2241.  *See* Rule 1(b), foll. 28 U.S.C. § 2254.

adjudicate cases, or execute removal orders," 8 U.S.C. § 1252(g), "arising from any action taken or proceeding brought to remove an alien," 8 U.S.C. § 1252(b)(9),[2] or "challeng[ing] a 'discretionary judgment' by the Attorney General or a 'decision' that the Attorney General has made regarding [an alien's] detention or release," *Demore v. Kim*, 538 U.S. 510, 516 (2003) (discussing 8 U.S.C. § 1226(e)); *see also* 8 U.S.C. § 1252(a)(2)(B)(ii) (precluding review of other discretionary decisions and actions specified by statute).

Here, Petitioner fails to state a claim for habeas corpus relief. Insofar as Petitioner appears to challenge his removal proceedings, his challenges are barred from habeas corpus review under 8 U.S.C. §§ 1252(a)(5) and (b)(9). And while Petitioner also "seeks relief from immigration detention without asking the court to exercise jurisdiction over his final order of removal," his claims are "wholly intertwined" with his removal order. *See Singh v. Holder*, 638 F.3d 1196, 1211 (9th Cir. 2011); *see also J.E.F.M. v. Lynch*, 837 F.3d 1026, 1031 (9th Cir. 2016) ("Taken together, § 1252(a)(5) and § 1252(b)(9) mean that *any* issue–whether legal or factual–arising from any removal-related activity can be reviewed only through the [petition for review] process" before the court of appeals); *Martinez v. Napolitano*, 704 F.3d 620, 622 (9th Cir. 2012) ("When a claim by an alien, however it is framed, challenges the procedure and substance of an agency determination that is 'inextricably linked' to the order of removal, it is prohibited by section 1252(a)(5)"). For these reasons, Petitioner fails to state a colorable or cognizable claim for habeas corpus relief, the Petition will be dismissed, and the motion for TRO will be denied.

**IT IS ORDERED:**

(1) Petitioner's Petition Under 28 U.S.C. § 2241 For A Writ Of Habeas Corpus By A Person In Federal Custody (Doc. 1) and this action are **dismissed**.

(2) Petitioner's Motion for Temporary Restraining Order (Doc. 2) is **denied**.

. . .

. . .

---

[2] *See also* 8 U.S.C. § 1252(a)(5) (the court of appeals "shall be the sole and exclusive means for judicial review of an order of removal").

(3) The Clerk of Court shall enter judgement accordingly and terminate this case.

Dated this 2nd day of September, 2025.

_____
Honorable John J. Tuchi
United States District Judge